**UNITED STATES ex rel. NUKK v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK et al.**

United States District Court
S. D. New York.

Dec. 22, 1952.

Ira Gollobin, New York City, Harry Sacher, New York City, of counsel, for relator.

Myles J. Lane, U. S. Atty., New York City, Nathan Skolnik, Asst. U. S. Atty., and Lester Friedman, Attorney, Immigration and Naturalization Service, New York City, of counsel, for respondent.

McGOHEY, District Judge.

On December 10, 1952, decision herein was filed, D.C., 108 F.Supp. 640, holding that the Attorney General's determination to rearrest and detain the petitioner Nukk without bail was unreasonable and arbitrary. That decision was based on the fact, together with others set forth, that the petitioner's appeal from the Acting Director's order of deportation had not yet been determined by the Board of Immigration Appeals; there was no final order of deportation.

On December 11, 1952, the respondent moved without opposition to reopen the hearing, and when this was granted he submitted proof by affidavit that on December 8, 1952, the Board of Immigration Appeals had dismissed the petitioner's appeal, thus making the pending order of deportation final. It is urged that this new evidence requires reconsideration of the prior decision. I agree.

As noted in the prior decision, the Attorney General has been charged with grave responsibility in carrying out the provisions of the Internal Security Act of 1950.[1] In enacting that statute Congress made amply supported findings of fact. One of these [Sec. 2(15)], is "The Communist organization in the United States, pursuing its stated objectives, the recent successes of Communist methods in other countries, and the nature and control of the world Communist movement itself, present a clear and present danger to the security of the United States and to the existence of free American institutions, * * *." On the basis of its findings Congress authorized detention of aliens who, like Nukk, are found deportable because of Communist Party membership, for a period of six months while removal arrangements are being made. It has also authorized the Attorney General in his discretion to release them on parole or bond. Thus there arises the question whether, now that Nukk is subject to a final order of deportation, it is unreasonable and arbitrary to detain him without bail, as I held it was, prior to the entry of the final order. The burden, of course, is on the petitioner to show clearly that the Attorney General's exercise of discretion

" 'was without a reasonable foundation.' "[2] Congress clearly intended "to make the Attorney General's exercise of discretion presumptively correct and unassailable except for abuse."[3] The showing made by the petitioner prior to the reopening of the hearing is not sufficient, in my opinion, to show abuse of discretion in the light of the final order. The Attorney General has available to him the records of extensive Congressional hearings relating to the Communist Party, the Congressional findings and reports thereon, as well as investigation reports of the Federal Bureau of Investigation and other agencies. I think, therefore, that it cannot be said that he is acting "without a reasonable foundation" if he determines that an alien duly found to have become, after entry, a member of the Communist Party, should be detained while his removal from the country is being arranged. The petitioner, however, asserts that for a long time it has been impossible to effect deportation to Russia or "iron curtain countries"; that the Attorney General must and does know that Russia, which now embraces Estonia, will not consent to receive the petitioner; that accordingly he is being detained for punishment rather than for deportation. This charge is denied by the respondent, and on the record before me I cannot find that it is sustained.

Accordingly, on the record as to Nukk as it now stands, I think the petitioner has failed to show clearly that the Attorney General's exercise of discretion was without a reasonable foundation. Therefore, the writ heretofore issued is dismissed.

Submit order.

1. 64 Stat. 987, 50 U.S.C.A. § 781 et seq.
2. Carlson v. Landon, 342 U.S. 524, 541, 72 S.Ct. 525, 534.
3. Id. 342 U.S. at page 540, 72 S.Ct. at page 534.